IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVE WALKER; SHERRY WALKER; and APPLE STREET ONE TWENTY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAGHSOOD ABBASZADEH; AYYOOB ABBASZADEH; SABA55 LLC; ZIBALAND, LLC; HIGHLANDPLEX, LLC; NEDA, LLC; and MEGA REAL, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [23] MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00912-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 8). Before the court is Plaintiffs Steven Walker and Sherry Walker's (collectively, Plaintiffs) Motion for Leave to Amend the Complaint (Motion) (ECF 23). The court also considered Defendants Maghsood Abbaszadeh, Ayyoob Abbaszadeh, SABA55 LLC, Zibaland LLC, Highlandplex LLC, Neda LLC, and Mega Real LLC's (collectively, Defendants) memorandum in opposition to the Motion (ECF 26) and Plaintiffs' reply in support of the Motion (ECF 27). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS IN PART and DENIES IN PART the Motion.

I.   BACKGROUND

On December 18, 2023, Plaintiffs initiated this matter by filing the Complaint against Defendants (ECF 1). On January 26, 2024, Defendants responded with a Motion to Dismiss the Complaint (ECF 9). In accordance with Federal Rule of Civil Procedure 15(a)(1)(B), less than twenty-one days after service of Defendants' Motion to Dismiss, Plaintiffs then filed an Amended

1

Complaint (ECF 13). The Amended Complaint asserted that Defendants violated the Thirteenth Amendment of the United States Constitution, 18 U.S.C. § 1589, the Utah Sales Representative Commission Payment Act, and committed a number of torts (*id.* at 31–55). Defendants again filed a Motion to Dismiss (ECF 15), and on July 11, 2024, the court issued its memorandum decision granting that motion (ECF 22).

In its memorandum decision, the court began by addressing Plaintiffs' claim under the Thirteenth Amendment, stating that "[t]he Supreme Court has only rarely inferred a private cause of action for damages from the U.S. Constitution" (ECF 22 at 8). The court then noted that a primary concern identified by the Supreme Court on this issue is "whether any alternative, existing process for protecting the [constitutionally recognized] interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages" (*id.*) (quoting *Minneci v. Pollard*, 565 U.S. 118, 122–23 (2012)). In this matter, the court found there exists "another process for protecting the interests established by the Thirteenth Amendment" because "18 U.S.C. § 1595 provides a civil remedy to any 'individual who is a victim' of forced labor, among other things" (ECF 22 at 8). Furthermore, because Plaintiffs failed to make "any argument regarding why the court should infer a damages remedy from the Thirteenth Amendment," the court declined to do so and dismissed Plaintiffs' claim (*id.*).

Turning to Plaintiffs' claim under 18 U.S.C. § 1589, the court noted that this provision provided prohibitions on obtaining the labor or services of another person under, among other things, "means of force," "means of serious harm or threats," or "means of the abuse or threatened abuse of law or legal process" (*id.* at 8–9). And "18 U.S.C. § 1595 provides a civil action for violation of Section 1589" (*id.*). In arguing for the dismissal of this claim, Defendants stated that "Plaintiffs' claim runs afoul of Federal Rule of Civil Procedure 8 because it 'fail[s] to distinguish

2

between and among the seven Defendants'" (*id.* at 9). As noted by the court in the memorandum decision, the court found however, the Amended Complaint contained allegations related to six of the defendants and alleged that Plaintiff Sherry Walker (Sherry) had worked for each of those defendants during the relevant time period without compensation (*see* ECF 13 at 4, 24, 30). But concerning Defendant Mega Real, LLC (Mega Real), the court determined there were "no factual allegations in the Amended Complaint that suggest Sherry worked for [Mega Real] without compensation" (ECF 22 at 10). Consequently, the court dismissed Plaintiffs' 18 U.S.C. § 1589 claim against Mega Real (*id.*).

Even though the court specifically dismissed the 18 U.S.C. § 1589 claim against Mega Real, the court ultimately went on to conclude that the entirety of the claim should be dismissed against all Defendants (*id.* at 13). This was based on the court's determination that the Amended Complaint was "largely silent as to any facts alleging actions of Defendants that caused Sherry to feel compelled to work for them, or that they intended that result," and Plaintiffs failed to "allege facts that give rise to a reasonable inference that Sherry felt as though she had no alternative but to work for Defendants" (*id.*). The Amended Complaint therefore failed to state a plausible claim under 18 U.S.C. § 1589, and the court noted it was insufficient for Plaintiffs to rely on "[c]onclusory allegations" (*id.*).

Finally, the court turned to Plaintiffs' state law claims (*id.* at 14). Relying on 28 U.S.C. § 1367(c), the court recognized that it "may decline to exercise supplemental jurisdiction over a claim" if it had "dismissed all claims over which it has original jurisdiction" (*id.*). Federal question jurisdiction in this matter was asserted under 28 U.S.C. § 1331 pursuant to Plaintiffs' Thirteenth Amendment claim and their claim under 18 U.S.C. § 1589 (ECF 13 at 5). Since those claims had

3

been dismissed for the aforementioned reasons the court "decline[d] to exercise supplemental jurisdiction over the remaining state law claims" (ECF 22 at 14).

The entirety of Plaintiffs' Amended Complaint was therefore dismissed without prejudice and Plaintiffs were given 28 days to seek leave to amend their pleadings (*id.* at 15). A few weeks later, Plaintiffs filed the present Motion seeking leave to file their Second Amended Complaint (SAC) (ECF 23). In the SAC, Plaintiffs again assert that Defendants violated the Thirteenth Amendment of the United States Constitution, 18 U.S.C. § 1589, the Utah Sales Representative Commission Payment Act, and committed a number of torts (*id.* at 7–63). In the Motion, Plaintiffs indicate that the SAC includes an additional statutory civil remedy under 18 U.S.C. § 1595 "for violations of peonage," along with "additional clarification of Thirteenth Amendment violations," and provides "correct information related to Defendant Mega Real" (*id.* at 2).

Defendants oppose Plaintiffs' Motion for three primary reasons: (1) the amended pleadings are "futile under the *Rooker-Feldman* doctrine[1] because the claims were all previously asserted against Defendants in the first-filed state court action," (2) the amendment is futile because "it fails to contain facts supporting the proposed claims," and (3) Plaintiffs "fail[ed] to cure deficiencies by amendments previously allowed" (ECF 26 at 2).

## II.     LEGAL STANDARDS

"Although district courts enjoy discretion" in granting leave to amend, *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1033 (10th Cir. 2020), Rule 15 instructs courts to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). The purpose of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits."

---

[1] "The *Rooker–Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

### III.   DISCUSSION

As previously noted, leave to amend should be freely given where justice so requires. Defendants point out that such motions may be denied under certain circumstances, and they maintain that the present Motion should be denied for the failure to cure deficiencies by amendments previously allowed and on futility grounds (ECF 26 at 2). The court addresses each argument in turn.

#### A.   Failure to Cure Deficiencies

The court begins with Defendants' assertion that Plaintiffs failed to cure deficiencies by amendments previously allowed. When a complaint is dismissed without prejudice and the court explains the pleading deficiencies to the plaintiff, thereby granting "leave to amend for the purpose of curing those deficiencies," yet the plaintiff fails "to heed instructions from the court," then the court may appropriately deny the motion to amend. *See Zakis v. MetTel*, No. 2:20-cv-00045-HCN-CMR, 2021 WL 11637036, at *2 (D. Utah Dec. 9, 2021). Here, the court agrees with Defendants that Plaintiffs failed to cure the deficiencies identified by the court regarding only their Thirteenth Amendment claim.[2] For the following reasons however the court is unable to reach that same conclusion with regard to the remainder of Plaintiffs' claims.

---

[2] Based on the procedural posture of this case, specifically that there is currently no operative complaint (*see* ECF 22), there are no claims that can be dismissed. Therefore, the denial of Plaintiffs' Motion with respect to their Thirteenth

In the court's dismissal of Plaintiffs' Amended Complaint, it clearly set forth the reasons that Plaintiffs' claim under the Thirteenth Amendment fails (ECF 22 at 5–8). The court pointed out that "[t]he Supreme Court has only rarely inferred a private cause of action for damages from the U.S. Constitution" with a primary concern over "whether any alternative, existing process for protecting the [constitutionally recognized] interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages" (*id.* at 8) (quoting *Minneci v. Pollard*, 565 U.S. 118, 122–23 (2012)). Dismissal of Plaintiffs' Thirteenth Amendment claim was thus appropriate because there existed "another process for protecting the interests established by the Thirteenth Amendment," specifically the process afforded under 18 U.S.C. § 1595 which "provides a civil remedy to any 'individual who is a victim' of forced labor" (*id.*).

Even though the district court explained in detail the reason that it was inappropriate for Plaintiffs to seek damages under the Thirteenth Amendment against these Defendants, Plaintiffs have reiterated that same claim in the SAC (ECF 23 at 96–98). In support of the Motion, Plaintiffs assert that in their amended pleading they included "additional clarification of Thirteenth Amendment violations" (*id.* at 2). This argument is unavailing where the court did not dismiss Plaintiffs' claim for the failure to explain or clarify any "Thirteenth Amendment violations." The court was clear that "[b]ecause there is a federal statutory remedy for the same injury and because Plaintiffs have not made any argument regarding why the court should infer a damages remedy from the Thirteenth Amendment, the court will not do so" (ECF 22 at 8). Plaintiffs' SAC contains the same deficiency related to their Thirteenth Amendment claim and they have not explained in the Motion, or in their reply memorandum (*see* ECF 27), how they have overcome the critical barriers identified by the court related to this claim.

---

Amendment claim can be resolved in the present memorandum decision as detailed herein as opposed to a report and recommendation.

Thus, the court concludes that despite the earlier explanation regarding the deficiencies associated with Plaintiffs' Thirteenth Amendment claim, Plaintiffs failed to adhere to the court's instructions in their amended pleading which is a sufficient basis for denying the Motion as to that claim. Accordingly, the court finds it appropriate to deny Plaintiffs' Motion as to their Thirteenth Amendment claim.

Turning to Plaintiffs' other federal claim, as stated above, the dismissal of Plaintiffs' claim under 18 U.S.C. § 1589 was partially based on the failure to include "factual allegations . . . that suggest Sherry worked for Defendant Mega Real, LLC without compensation" (ECF 22 at 10). Plaintiffs explain in the Motion that they "correct[ed] information related to Defendant Mega Real" in their SAC (ECF 23 at 2). Indeed, in the SAC Plaintiffs included an allegation that both Sherry Walker and Steve Walker, were employed by Mega Real "without pay" (*id.* at 9). In the court's view, this cures the previously identified deficiency regarding Plaintiffs' 18 U.S.C. § 1589 claim as to Defendant Mega Real.

Beyond the specific deficiency identified as to Mega Real, in its memorandum decision the court also found Plaintiffs' entire 18 U.S.C. § 1589 claim subject to dismissal because the Amended Complaint was "largely silent as to any facts alleging actions of Defendants that caused Sherry to feel compelled to work for them, or that they intended that result," and Plaintiffs failed to "allege facts that give rise to a reasonable inference that Sherry felt as though she had no alternative but to work for Defendants" (ECF 22 at 13). In the SAC, Plaintiffs included allegations that Sherry was "coerced" into believing that "the only means of preventing" foreclosure was to work for Defendants without pay (ECF 23 at 87). Plaintiffs further allege that it became "routine" whenever they would dispute any debt they purportedly owed Defendants, that Defendants "would threaten foreclosure and other serious financial harm" (*id.*). Thus, according to Plaintiffs, "Sherry

7

felt that the only way to stave off the serious financial harm due to the threats of foreclosure" was to "acquiesce" to Defendants' "demands of labor without pay" (*id.* at 88).

These revisions and additional allegations in the SAC directly address the grounds for dismissal identified in the court's earlier order. Accordingly, in the context of the present Motion, the court finds that these efforts provide a sufficient basis to grant Plaintiffs' request to file the SAC concerning their 18 U.S.C. § 1589 claim. That is not to say however that the court is ruling on whether these amendments are adequate to survive a motion to dismiss. "[W]hether these amendments are sufficient to cure the deficiencies previously identified" to such a degree as "to overcome a motion to dismiss" is a question that is "more appropriately determined in the context of a fully briefed dispositive motion." *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. United States Dep't of the Interior*, No. 2:21-cv-00573, 2022 WL 3585771, at *6 (D. Utah Aug. 22, 2022).

As for Plaintiffs' state law claims, the court had declined in its earlier ruling to exercise supplemental jurisdiction over those claims, thus Plaintiffs were left without instruction on how to cure any potential pleading deficiencies (ECF 22 at 14). There is therefore no basis on which the court could conclude that Plaintiffs' Motion should be denied regarding their state law claims for failure to cure previously identified deficiencies.

In sum, the court concludes that Plaintiffs failed to cure previously identified deficiencies through their SAC with regard to their claim that Defendants violated their rights under the Thirteenth Amendment and the Motion is denied with respect to that claim. To the extent that any deficiencies were identified related to Plaintiffs' claim under 18 U.S.C. § 1589 and their state law claims, the court finds that those deficiencies were sufficiently addressed in the SAC and Plaintiffs have demonstrated that leave should granted to file those amended claims.

B.     Futility

Defendants further oppose the Motion on futility grounds for two reasons. First, Defendants assert the SAC is futile "under the *Rooker-Feldman* doctrine because the claims were all previously asserted against Defendants in the first-filed state court action, and the state court dismissed those claims with prejudice" (ECF 26 at 2). Second, Defendants argue the SAC is futile "because it fails to contain facts supporting the proposed claims" (*id.*). Because the court determined that Plaintiffs' Motion with respect to their Thirteenth Amendment claim should be denied, it need only address Defendants' futility arguments with respect to Plaintiffs' state law claims and their claim asserted under 18 U.S.C. § 1589.

As previously noted, courts "may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). While leave to amend may be denied on futility grounds, "it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (citing *Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018)). "Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend 'plac[e]s the cart before the horse,' and '[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until

9

the operative complaint is in place.'" *Id.* (quoting *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017)).

Here, the court determines that the futility grounds raised by Defendants are arguments that would be more properly addressed in a dispositive motion. One reason being that Defendants' argument related to the *Rooker-Feldman* doctrine relies, in part, on several exhibits attached to their memorandum in opposition to the Motion (*see* ECF 26-1; ECF 26-2; ECF 26-3), and as a general rule "[w]hen a party presents matters outside of the pleadings for consideration, . . . 'the court must either exclude the material or treat the motion as one for summary judgment,'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004)). While the court may, in its discretion, "take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand," *Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)), it declines to do so to the extent requested by Defendants in ruling on a motion to amend.

Furthermore, Defendants' futility argument regarding Plaintiffs' state law claims relies entirely on the court's earlier determination that it would decline to exercise supplemental jurisdiction over those claims in the absence of any viable claims over which it has original jurisdiction (ECF 26 at 10). Based on the argument presented, it therefore follows that if Plaintiffs are allowed to proceed on any of their federal claims, then Defendants would have no basis to argue that Plaintiffs should not be allowed to proceed with their state claims as well. Sometime down the road, if the court determines in ruling on a fully briefed dispositive motion that Plaintiffs' remaining federal claim should be dismissed then it would likely be appropriate at that time to

revisit its decision as to whether it would exercise supplemental jurisdiction over Plaintiffs' state claims. But as the matter currently stands, the court finds it would be premature to bar Plaintiffs' state law claims on futility grounds.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend the Complaint (ECF 23) is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiffs' Motion with respect to their claim under the Thirteenth Amendment of the United States Constitution is DENIED; and

2. Plaintiffs' Motion with respect to their claim under 18 U.S.C. § 1589 and their state law claims is GRANTED.

3. The court hereby directs Plaintiffs to file their Second Amended Complaint consistent with the above ruling by March 7, 2025.

DATED this 26 February 2025.

Cecilia M. Romero
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah